**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JEAN ZEGERS, on behalf of herself and all others similarly situated,**
        **Plaintiff,**

**-vs-**         Case No. 6:07-cv-1893-Orl-22DAB

**COUNTRYWIDE MORTGAGE VENTURES, LLC, d/b/a Countrywide KB Home Loans, and**
**COUNTRYWIDE HOME LOANS, INC.,**
        **Defendants.**

_____

**ORDER**

**I. INTRODUCTION**

This cause comes before the Court for consideration of Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 20), filed February 11, 2008, to which Defendants responded (Doc. 22) on February 29, 2008. After careful consideration of the motion and memoranda, the Court determines that Plaintiff's motion is due to be **GRANTED IN PART and DENIED IN PART**.

**II. ANALYSIS**

This is an action arising under the Fair Labor Standards Act of 1938 ("F.L.S.A."). Plaintiff was employed by Defendants as a home loan consultant during the three years leading up to the filing of this action. Plaintiff received commissions as compensation for her work as a home loan consultant, and claims she routinely worked in excess of 40 hours per workweek without receiving overtime pay. Plaintiff now seeks compensation in the form of unpaid overtime, liquidated damages and reasonable attorney's fees and costs.

In their answer to the complaint, Defendants asserted fourteen affirmative defenses. Plaintiff now seeks to strike Affirmative Defense Four, as well as Affirmative Defenses Seven through Fourteen. In their response to the instant motion, Defendants voluntarily withdrew Affirmative Defenses Nine, Ten, Twelve, Thirteen and Fourteen. As such, the Court is left to consider whether Affirmative Defenses Four, Seven, Eight and Eleven should be stricken from Defendants' pleading.

**A.     Affirmative Defenses Four, Seven and Eight**

Defendants set forth the following as Affirmative Defenses Four, Seven and Eight:

> 4.     Defendants acted at all times in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.
>
> . . . .
>
> 7.     In the event that this court finds that Defendants violated the Fair Labor Standards Act, liquidated damages are not recoverable in this case because Defendants at all times acted in good faith and Defendants had reasonable grounds for believing that their actions or omissions were not a violation of the Fair Labor Standards Act, 29 U.S.C. § 260. Further, the issue of liquidated damages is for the Court to determine and not a jury.
>
> 8.     Defendants are not liable because, pursuant to 29 U.S.C. § 259, they acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor.

Doc. 16 at 6-7. Plaintiff claims that these defenses are inadequately pled because they do not identify the precise authorities Defendants allegedly relied upon in good faith. Defendants respond that they are required only to meet the liberal pleading requirements of Fed. R. Civ. P. 8, and, in any event, they have identified the authorities they relied upon, i.e., the administrative

-2-

orders, regulations and rulings of the Administrator of the Wage and Hour Division, and the Fair Labor Standards Act.

The Court finds that Defendants have given Plaintiff sufficient notice that they intend to defend the suit based on a general good faith defense, as well as the good faith defenses contained in 29 U.S.C. §§ 259 and 260. The Court can find no binding authority, nor has Plaintiff pointed to any binding authority, that requires Defendants to more precisely allege good faith defenses in a Fair Labor Standards Act suit. Therefore, the Court declines to strike Affirmative Defenses Four, Seven and Eight.

**B.     Affirmative Defense Eleven**

Defendants set forth the following as Affirmative Defense Eleven: "Defendants allege that Plaintiff's Complaint and each cause of action therein are uncertain or otherwise subject to speculation." Doc. 16 at 7. Plaintiff claims that this defense is vague, and, as such, should either be clarified or stricken from the answer. In the response to the motion, Defendants clarify that this defense challenges Plaintiff's ability to produce sufficient evidence to support her claims. While the defense, as stated in the answer, is somewhat vague, the Court finds that Defendants' subsequent clarification in its response to the instant motion adequately conveys notice to Plaintiff of the basis of Affirmative Defense Eleven.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1.     Plaintiff's Motion to Strike Defendants' Affirmative Defenses (Doc. 20) is **GRANTED in part** as to Affirmative Defenses Nine, Ten, Twelve, Thirteen and Fourteen and **DENIED in part** as to Affirmative Defenses Four, Seven, Eight, and Eleven.

2.      Affirmative Defenses Nine, Ten, Twelve, Thirteen, and Fourteen are hereby **STRICKEN** without prejudice, as Defendants have voluntarily withdrawn these defenses from their pleading.

3.      Defendants shall file and serve an amended pleading consistent with this order no later than March 28, 2008.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on March 17, 2008.

Copies furnished to:

Counsel of Record

_____
ANNE C. CONWAY
United States District Judge