## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JEAN ZEGERS,

                          Plaintiff,

-vs-                                          Case No.  6:07-cv-1893-Orl-22DAB

COUNTRYWIDE MORTGAGE
VENTURES, LLC, d/b/a Countrywide KB
Home Loans,
COUNTRYWIDE HOME LOANS, INC.,
                          Defendants.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 32)** |
| **FILED:** | **April 28, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice** to Plaintiffs' filing of evidence in support of a "fair and reasonable" fee.

This cause came on for consideration upon referral by the District Judge to determine whether

the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See*

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement

is not one supervised by the Department of Labor, the only other route for compromise of FLSA

claims is provided in the context of suits brought directly by employees against their employer under

section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district

court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing

*Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit

brought by employees under the FLSA for back wages because initiation of the action by the

employees provides some assurance of an adversarial context." *Id.* at 1354.  In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights
> under the statute. Thus, when the parties submit a settlement to the court for approval,
> the settlement is more likely to reflect a reasonable compromise of disputed issues
> than a mere waiver of statutory rights brought about by an employer's overreaching.
> If a settlement in an employee FLSA suit does reflect a reasonable compromise over
> issues, such as FLSA coverage or computation of back wages, that are actually in
> dispute; we allow the district court to approve the settlement in order to promote the
> policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on May 13, 2008 with counsel for both parties present.

Based on the responses to Court Interrogatories, Plaintiffs were employed by Defendant as

home loan consultants, and had to be available based on company needs; they were paid straight

commission even though they worked overtime of between 20 and 40 hours per week. Doc. No. 13,

21.  According to counsel, the extent of the amount of overtime Plaintiffs worked was disputed by

both sides because there were no time records.  Plaintiffs sought the following amounts for alleged

overtime worked and unpaid wages:

| | |
|---|---|
| Zegers | $ 9,484.20 |
| Peterson | 26,825.93 |
| Shukers | 15,760.80 |
| | $52,070.93 |

In addition, they each sought an equal amount as liquidated damages pursuant to the FLSA.  Doc. No.

35.

Following settlement discussions, and based upon an assessment of Defendants' factual

assertions and legal defenses, Plaintiffs decided to accept a settlement offer of $70,000 collectively,

which after deducting $28,000 for the 40% contingency fee (discussed below), and $775.82 for costs,

leaves $41,224.18 to be distributed to Plaintiffs.   Doc. No. 35.  The Plaintiffs' proposed *pro rata*

shares and resulting amounts are:

| | | |
|---|---|---|
| Zegers | .182 | $ 7,502.80 |
| Peterson | .515 | 21,230.45 |
| Shukers | .303 | 12,490.93 |

**Plaintiffs' Promises to Pay a Contingency Fee to the Attorneys**

Although Plaintiffs' counsel has provided very competent legal representation, he does not

cite any legal authority that he is entitled to receive a 40% contingency fee – which consequently

reduces Plaintiffs' recovery – for his work in this case. The Court's own research found no precedent

in this Circuit that addresses whether an FLSA plaintiff may be required to pay his attorney more than

the Court determines is a reasonable fee under the statute because the plaintiff has entered into a

contingent fee agreement with his counsel.  *Cf. Silva v. Miller,* __ F. Supp.2d __, 2008 WL 1803769,

1 (S.D. Fla. April 7, 2008) (rejecting a contingency fee in FLSA case and awarding a lodestar

amount).

In *Venegas v. Mitchell*, 495 U.S. 82 (1990), the Supreme Court addressed whether the fee-

shifting provisions of 42 U.S.C. § 1988 for prevailing civil rights plaintiffs operated as an upper

bound on what the plaintiff was obligated to pay his attorney pursuant to a contingency fee agreement.

The Court found that the statute did not regulate what plaintiffs may promise to pay their attorneys,

nor was there anything in the legislative history that suggested that Congress intended § 1988 to limit

civil rights plaintiffs' ability to contract with their attorneys. *Id*. at 86-87. The Court reasoned that if

civil rights plaintiffs could waive their causes of action entirely, "there is little reason to believe that

they may not assign part of their recovery to an attorney if they believe that the contingency

arrangement will increase their likelihood of recovery." *Id*. at 88. The Court concluded that the statute

did not impose a ceiling on compensation, and that parties could contract for contingency fees or hourly rates in excess of what would be a reasonable fee under the statute. *Id*. at 90.

However, unlike 42 U.S.C. § 1988, a plaintiff cannot waive a cause of action under the FLSA unless the settlement is approved by the Court or by the Secretary of Labor.  The FLSA was enacted in 1938 in order to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  Several courts have recognized that Congress intended that a successful FLSA plaintiff would recoup his attorneys' fees and costs from the employer, without incurring any additional obligation to pay fees or costs.  This issue first arose in 1946 in a case before the Fourth Circuit, which found that "[o]bviously Congress intended that the wronged employee should receive his full wages plus the penalty *without incurring any expense for legal fees or costs*." *Maddrix v. Dize,* 153 F.2d 274, 275-76 (4th Cir. 1946) (emphasis added). *See also United Slate, Tile and Composition Roofers, Damp and Waterproof Workers*, 732 F.2d 495, 502 (6th Cir. 1984) (citing *Maddrix* with approval); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net, and that therefore the lawyer's compensation should come solely from the employer."); *Burke v. Mesta Mach. Co.*, 79 F. Supp. 588, 615 (W.D. Pa. 1948) ("Any agreement between the plaintiffs and their counsel for an additional fee on a contingent basis, or any other understanding, would be contrary to the purpose of Congress to have the employee collect and return unpaid wages and liquidated damages.").

Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services is contrary to Congressional intent.

-4-

Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees. "Under Plaintiff's counsel's argument that the Court need not review this settlement agreement, counsel would be immune from judicial scrutiny and given carte blanche to recover as large a fee award as they can negotiate from their clients' employers. Such awards would be inconsistent with Supreme Court and Eleventh Circuit precedent, disregard the clear language of the FLSA, and frustrate the statute's underlying policy." *Silva,* 2008 WL 1803769, *3.

The Court finds no reasonable basis to distinguish between a plaintiff who prevails through settlement and one who prevails at trial. The Court has discretion to determine what is a reasonable fee for an attorney's services, regardless of any contract between a plaintiff and his attorney. *See United Slate*, 732 F.2d at 504. Moreover, the Court has broad equity powers to supervise collection of attorneys' fees pursuant to contingency fee contracts. *See United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1048 (6th Cir. 1994).

The Court, therefore, must determine what is a reasonable fee and will find any contingency fee agreement that requires an additional payment to be unenforceable. *See, e.g., Chandris, S.A. v. Yanakakis*, 668 So.2d 180, 185 (Fla. 1995) ("A contract that contravenes an established interest of society can be found to be void as against public policy."); *Local No. 234 of United Ass'n of Journeymen and Apprentices v. Henley & Beckwith, Inc.*, 66 So.2d 818, 823 (Fla.1953) (contract provisions which violate public policy underlying a statute can be void); *Stewart v. Stearns & Culver Lumber Co.*, 56 Fla. 570, 587 (1908) ("Contracts or agreements that violate the principles of public policy designed for the public welfare are illegal, and will not in general be enforced by the courts.").

Applying these principles to the present case, the Court concludes that the agreed fee arrangement would result in an unreasonable fee where the Plaintiffs are not receiving full

compensation and there is no substantial legal or factual dispute.  Thus the fee agreement is not consistent with the purposes of the FLSA.

Considering the lack of extended dispute or court proceedings based on the record which reflects a straightforward case, requiring no particular level of expertise above and beyond that expected of any member of this bar. Courts in this district and division routinely award between $200 and $300 an hour for similar work in FLSA cases, and there is no evidence as to why Plaintiff's counsel should be compensated at a higher rate.  Plaintiffs' counsel has not submitted any evidence of the hours expended in the case or affidavit in support.  It is respectfully **RECOMMENDED** that the Joint Motion for Approval of the Settlement be **DENIED without prejudice** and Plaintiffs' counsel be allowed 11 days to file evidence to support an award of attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 17, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy