# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JEAN ZEGERS, SUZANNE PETERSON,
and DOUG SHUKERS,

                     **Plaintiffs,**

-vs-                                  **Case No.  6:07-cv-1893-Orl-22DAB**

COUNTRYWIDE MORTGAGE
VENTURES, LLC, d/b/a Countrywide KB
Home Loans, and COUNTRYWIDE
HOME LOANS, INC.,

                     **Defendants.**

_____

## ORDER

       This cause comes before the Court on a Report & Recommendation ("R&R") by United States Magistrate Judge David A. Baker regarding the Joint Motion for Approval of Proposed Settlement.  Doc. No. 37.  Plaintiffs[1] have filed Objections to the R&R (Doc. No. 40), and Defendants failed to respond.  Based on an independent, de novo review of the R&R, the Plaintiffs' submissions, and the relevant case law, the Court ADOPTS the R&R IN PART and proposes a fee distribution that would allow the Court to approve the settlement.

### Analysis

### I.  Plaintiffs' Objection that the District Court Lacks Jurisdiction is Overruled

       Plaintiffs argue that where no fee dispute exists, the district court lacks jurisdiction over the firm's contract with Plaintiffs.  Doc. No. 40 p. 3.  While Plaintiffs are correct that the parties

---

[1]In this case, two additional individuals, Suzanne Peterson and Doug Shukers, joined the original Plaintiff, Jean Zegers.  Doc. No. 35-4.  In the proposed settlement, the three would share pro rata what remains of the $70,000 settlement figure after attorney's fees and costs are subtracted.  Doc. No. 37 pp. 2-3; Doc. No. 32-2 p. 1.

did not ask the Court to review the fee arrangement (*id.* at p. 4), the FLSA states that in adjudicating a case, "[t]he Court . . . *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, *allow* a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). This provision covers cases that continue to judgment. *Id.* Settlement of FLSA cases is only allowed when supervised by the Department of Labor or subject to Court approval in a private action. *Lynn's Food Stores, Inc., v. United States,* 679 F.2d 1350, 1353-54 (11th Cir. 1982). The FLSA requires Court approval of settlement of a private lawsuit to ensure that there is "some assurance of an adversarial context." *Id*. Thus, even in the settlement context, it remains the Court's duty to see that a "reasonable attorney's fee" is paid by the Defendants. *See* 29 U.S.C. § 216(b).

Plaintiffs are correct that there is a difference between the Court determining the fee amount to be paid by the Defendants and the Court determining what the Plaintiffs may ultimately turn over to their lawyers. Doc. No. 40 p. 7 n. 4. However, permitting Plaintiffs and their counsel to make these kinds of contingent agreements without Court approval would thwart both the intent of Congress that "the wronged employee should receive his full wages" and the requirement that settlements must be approved by the Court. *See Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946); *see also Lynn's Food*, 679 F.2d at 1352 (contracting away FLSA rights is specifically prohibited); *United Slate, Tile & Composition Roofers v. G&M Roofing & Sheet Metal Co., Inc.*, 732 F.2d 495, 503-04 (6th Cir. 1984) ("The determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel."). For these reasons, the Court holds that it is within the jurisdiction of the Court to review the attorney's fee in a FLSA settlement.

-2-

Plaintiffs cite *Brown v. Watkins Motor Lines, Inc*., 596 F.2d 129 (5th Cir. 1979),[2] for the proposition that the Court lacks jurisdiction.  However, *Brown*, 596 F.2d at 130-31, was not a FLSA case but a tort suit involving damages awarded to a minor.  *Brown* does not control in a FLSA case, where Congress intended Court oversight of the settlement to ensure an adversarial environment and complete compensation to plaintiffs.  *Lynn's Food*, 679 F.2d at 1353-54. Furthermore, the dissent in *Brown* pointed out that the Fifth Circuit had twice decreed that "where an attorney recovers a fund in a suit under a contract with a client providing that he shall be compensated only out of the fund he creates, the court having jurisdiction of the subject matter of the suit has power to fix the attorney's compensation and direct its payment out of the fund."  *Brown*, 596 F.2d at 133 (citing *Garrett v. McRee*, 201 F.2d 250, 253 (10th Cir. 1953) and *Cappel v. Adams*, 434 F.2d 1278, 1279 (5th Cir. 1970)).  Because the Court has jurisdiction over the settlement and award of fees under the FLSA, the Court overrules Plaintiffs' objection based on jurisdiction.[3]

---

[2]In *Bonner v. City of Pritchard*,661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3]The Court is unpersuaded by *Olivas v. A Little Havana Check Cash, Inc*., No. 05-22599, 2008 U.S. Dist. LEXIS 54514 (July 17, 2008), at * 1, which Plaintiffs filed as supplemental authority on July 24, 2008.  Doc. No. 41.  *Olivas* actually reiterates the importance of ensuring a fair ultimate award to FLSA plaintiffs. *Id.*

## II.   Plaintiffs' Objection that the Eleventh Circuit's Decision in *Lynn's Food* Does Not Convey Authority to Scrutinize the Fee Agreement is Overruled

Plaintiffs argue that *Lynn's Food*, 679 F.2d at 1352-53, does not control the fee question, because nothing in that case "suggests that such a review was intended."  Doc. No. 40 p. 5. Plaintiffs further argue that the intent of *Lynn's Food* was to protect potential plaintiffs from their employers, not from their attorneys.  *Id.* at p. 6.  However, the intent to ensure a reasonable attorney's fee and just compensation to Plaintiff is embodied in *Lynn's Food*, 679 F.2d at 1352-53, and is stated in the FLSA itself.  *See* 29 U.S.C. § 216(b).  Where, as here, there is a settlement amount of which Plaintiffs will take what is not given to the attorneys, the need to protect Plaintiffs' recovery also includes the need to ensure attorney's fees are reasonable.

Plaintiffs also fail to cite any case approving a forty percent contingent fee in a FLSA case and ignore this Court's prior orders specifically disapproving two FLSA case settlements because of forty percent contingency fee arrangements.  *See Park v. Am. Servs. of Cent. Fla., Inc.*, No. 6:06cv882, 2007 WL 1626349, at *5 (M.D. Fla. June 5, 2007 (Conway, J.); *Siegenthaler v. Kane Furniture Co. of Ormond Beach, Inc.*, No. 6:07cv173, 2007 WL 1893906, at *2, *4 (M.D. Fla. July 2, 2007) (Conway, J.).  For these reasons, Plaintiffs' Objection based on *Lynn's Food* is overruled.

## III.  Plaintiffs' Objection that the Magistrate's Reliance on *Maddrix* is Misplaced is Overruled

In *Maddrix*, 153 F.2d at 275-76, the Fourth Circuit stated that, based on the language of the FLSA, "Congress intended that the wronged employee should receive his full wage plus the penalty without incurring any expense for legal fees or costs."  Plaintiffs are correct to point out that *Maddrix* addressed the validity of a judgment against a defendant including fees based on

attorney services performed on appeal, rather than fees subtracted from a settlement amount. Doc. No. 40 p. 7.  But, the Fourth Circuit's statement in *Maddrix*, 153 F.2d at 275-76, that the purpose of the FLSA is to compensate plaintiffs remains valid.

Plaintiffs argue that a footnote in the Fourth Circuit's decision in *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 989 n. 2 (4th Cir. 1992), is indicative that contingency fee agreements are valid in the FLSA settlement context.  Doc. No. 40 pp. 7, 8.  The Fourth Circuit in *Food Lion*, 954 F.2d at 989 n. 2, stated that its "holding . . . controls only what [defendant] must pay [plaintiffs] and not what [plaintiffs] may be contractually obligated to pay their attorney under a contingent-fee agreement."  This footnote does not approve contingency fees in FLSA cases but merely states that the Fourth Circuit is not addressing a contingent fee scenario.  Moreover, the actual holding of *Food Lion* was that the lodestar, not a twenty percent contingency fee, must control what the defendant had to pay plaintiffs for fees.  *Id.* at 988-89.

According to Plaintiffs' objection, the Supreme Court's holding in *Venegas v. Mitchell*, 495 U.S. 82, 87-88 (1990), should apply to the FLSA.  Doc. No. 40 p. 8.  In *Venegas*, 495 U.S. at 87-88, the Supreme Court held that 42 U.S.C. § 1988 does not invalidate contingent-fee contracts that would require a prevailing plaintiff to pay his attorney more than the statutory award against the defendant.  However, as the Magistrate Judge pointed out, the FLSA is not like section 1988.  Doc. No. 37 p. 4.  FLSA plaintiffs cannot bargain away their rights (*Lynn's Food*, 679 F.2d at 1352 (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945))), while section 1988 plaintiffs can.  FLSA settlements are only permitted if they are supervised by the Department of Labor or if they are part of a private suit and Court-approved.  Doc. No. 37 p. 4; *Lynn's Food*, 679 F.3d at 1352-53.  The language of the FLSA and case law interpreting it

indicate that Congress intended that FLSA plaintiffs receive damages as well as reasonable attorney's fees from the defendant. *Id*.; 29 U.S.C. § 216(b).  Having a forty percent contingency fee taken out of the award to the plaintiff would contravene the intent of that section.  Doc. No. 37 p. 4 (citing *Maddrix*, 153 F.2d at 275-76, *United Slate*, 732 F.2d at 502, *Skidmore v. Casale,* 160 F.2d 527, 531 (2d Cir. 1947), and *Burke v. Mesta Mach Co.*, 79 F. Supp. 588, 615 (W.D. Pa. 1948)).  Thus, the Supreme Court's decision in *Venegas* regarding actions brought under section 1988 is inapplicable to FLSA cases.  For these reasons, Plaintiffs' third objection is overruled.

## IV.  Plaintiffs' Objection that the Contingency Fee Agreement Does Not Contravene Public Policy is Overruled

Plaintiffs argue that the individuals "who seek counsel to obtain recovery on unpaid minimum wages or overtime compensation are often unemployed, and typically lack the resources to fund a federal action by paying hourly fees."  Doc. No. 40 p. 8.  In light of the fact that FLSA filings in the Orlando Division of the Middle District of Florida have quadrupled over the last four years (*see* Case No. 6:08mc49, Doc. No. 1 p. 1), the Court holds that the concern that plaintiffs will not be able to find representation is adequately addressed by the fee provisions of the FLSA itself.  Thus, the Court overrules Plaintiffs' objection based on public policy.

**V. Plaintiffs' Objection that the R&R Punishes Efficiency is Overruled**

Plaintiffs argue that the R&R punishes efficiency and rewards file churning.  Doc. No.
40 p. 9.  However, in deciding whether attorney's fees are reasonable under any statute, the
Court calculates the number of hours reasonably expended on a case and a reasonable hourly
rate, based on the twelve factors listed in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d
714, 717-19 (5th Cir. 1974).[4]  These factors include the time and labor required, the novelty and
difficulty of the questions, the skill requisite to perform the legal service properly, the
preclusion of other employment by the attorney due to acceptance of the case, the customary
fee, whether the fee is fixed or contingent,[5] time limitations imposed by the client or the
circumstances, the amount involved and the results obtained, the experience, reputation, and
ability of the attorneys, the undesirability of the case, the nature and length of the professional
relationship with the client, and awards in similar cases.  *Id.*

Plaintiffs argue that a slower, less skilled firm would be rewarded in a case like this with
a larger fee.  Doc. No. 40 p. 10.  However, the difficulty of the case and whether a firm is file-
churning are factors that will be taken into account in determining a reasonable rate.  *See
Johnson*, 488 F.2d at 717-19.  For these reasons, the objection based on efficiency is overruled.

---

[4]Though the twelve-factor balancing test used in *Johnson* to fashion fee awards has been
replaced with the lodestar method, the Eleventh Circuit has approved of using the *Johnson* factors to
establish a reasonable rate.  *Loranger v. Stierheim*, 10 F.3d 776, 781 n. 6 (11th Cir. 1994).

[5]Whether the fee is contingent is a relevant factor in determining what is reasonable in
determining fees generally.  However, high contingent fees are not appropriate in a FLSA case, where
the settlement is to be Court-approved and the attorney's fee is to come from the defendant so as to
not unduly decrease the plaintiff's recovery.  *Lynn's Food*, 679 F.2d at 1352-53; *D. A. Schulte, Inc.
v. Gangi*, 328 U.S. 108, 116 (1946).

## VI.  Plaintiffs' Objection that the Rule Established by the R&R is "Untenable" is Overruled

Finally, Plaintiffs argue that the rule proposed by the R&R is untenable, because any time attorney's fees are awarded, Plaintiffs' recovery will be diminished.  Doc. No. 40 p. 11. However, whether Plaintiffs' compensation is acceptable and whether the attorney's fees are reasonable are to be based on the facts alleged in Plaintiffs' case.  *See Johnson*, 488 F.2d at 717-19.  It is obvious that in all cases where a total settlement amount to be apportioned between attorneys and plaintiffs, awarding fees to attorneys will result in a reduction of plaintiffs' award. *See* Doc. No. 40 p. 11.  However, this obvious fact does not transform a forty percent contingency fee into a reasonable one.  As the Magistrate Judge stated, Plaintiffs' counsel "does not cite any legal authority that he is entitled to receive a forty percent contingency fee."  Doc. No. 37 p. 3.  For these reasons, and in light of this Court's prior orders rejecting contingency fees,[6] the objection that the R&R is untenable is overruled.

### Conclusion

Based on the foregoing, it is ORDERED that the R&R (Doc. No. 37), filed June 17, 2008, is hereby ADOPTED IN PART.  The R&R is ADOPTED in that Plaintiffs' counsel is not entitled to a forty percent contingency fee.

However, the Court will approve a settlement in the amount of $70,000 (*see* Doc. No. 32-2), if Plaintiffs receive the amounts they sought for overtime worked and unpaid wages

---

[6]*See, e.g., Park,* 2007 WL 1626349 (Conway, J.) (Order adopting R&R by United States Magistrate Judge James Glazebrook that disapproves settlement because of 40% contingency fee); *Siegenthaler,* 2007 WL 1893906 (Conway, J.) (Order  adopting R&R by United State Magistrate Judge David Baker that disapproves settlement because of 40% contingency fee).

(totaling $52,070.93)[7], with the remaining funds used to cover costs ($775.82) and any and all

attorney's fees ($17,153.25).[8]  *See* Doc. No. 35 pp. 2-3; Doc. No. 37 pp. 2-3.  No additional

attorney's fees, by private agreement or otherwise, will be permitted.

If the parties are amenable to this distribution, Plaintiffs shall submit a Notice to the

Court indicating their acceptance by **August 8, 2008**, so that the Court may approve the

settlement.  Otherwise, Plaintiff's counsel must file a Motion for an Award of Attorney's Fees

and submit affidavits in support of a reasonable  fee **by August 15, 2008.**  If Plaintiffs' counsel

files a Motion for Award of Attorney's Fees, Defendants shall have ten calendar days within

which to respond.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 25, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record

---

[7]This amount includes the $9,484.20 sought by Plaintiff Zegers, the $26,825.93 sought by Plaintiff Peterson, and the $15,760.80 sought by Plaintiff Shukers.  Doc. No. 35 pp. 2-3.

[8]An attorney's fee of $17,153.25 equates to approximately 86 hours at a rate of $200 per hour.